IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| DEONDRAY RAYMOND MASON, <br> TDCJ-CID No. 02198087, <br><br> Plaintiff, <br><br> v. <br><br> DUSTIN ANDERSON, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § 2:20-CV-236-Z-BR <br> § <br> § <br> § <br> § |

## ORDER

This matter comes before the Court on Plaintiff's motion for temporary restraining order, filed November 17, 2020 (ECF No. 6) ("Motion for TRO"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Motion for TRO is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff asserts that Defendants (1) denied him medication from July 20, 2020 to July 30, 2020, and (2) used excessive force in violation of the Eighth Amendment by using chemical agents on his person on November 1, 2019, March 2, 2020, and August 12, 2020. ECF 3, at 3–4. Plaintiff seeks an immediate transfer off the Clements Unit to prevent future, unspecified "retaliation."

### LEGAL STANDARD

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a TRO. Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. FED. R. CIV. P. 65(b)(2). If a plaintiff's request for restraint extend

beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, Plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

A federal court may issue a preliminary injunction to protect a plaintiff's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country, Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

ANALYSIS

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state civil commitment1 facility, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison.

*Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White*, 862 F.2d at 1211.

Persons claiming retaliation must show: "(1) a specific constitutional right; (2) the defendant's intent to retaliate based on the exercise of that right; (3) a retaliatory adverse act; and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (per curiam). Filing this lawsuit, as Plaintiff did in this case, is a "constitutionally protected activity." *See id.* To state a retaliation claim, however, a plaintiff "must allege more than his personal belief that he is the victim of retaliation," and conclusory "allegations of retaliation will not be enough" to support such a claim. *Id.* at 325. Plaintiff "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal quotation marks omitted) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)). Failure to "point to a specific constitutional right that has been violated" defeats the retaliation claim. *Id.*

Plaintiff requests an immediate unit transfer to protect him from "fear of retaliation" (ECF No. 6, at 2; ECF No. 3, at 4). Plaintiff has not cited any "chronology of events from which retaliation may plausibly be inferred" or made any specific allegations of retaliation in response to the filing of this lawsuit. A transfer is an action that would last more than fourteen days, and thus Plaintiff's request for a TRO is actually a request for a preliminary injunction. Plaintiff's underlying claims for past use of excessive force and the past denial of medication are not a part of his request for a transfer, only his "fear" of retaliation. As such, Plaintiff's Motion for TRO fails to specify the harm he will suffer if his Motion for TRO is not granted. A movant for injunctive relief must show "a substantial threat of irreparable injury if the injunction is not granted." *Hay v.*

3

*Waldron*, 834 F.2d 481, 484 (5th Cir. 1987). Plaintiff does not specify what harm he will suffer if the injunction is not granted. Further, Plaintiff does not present facts or evidence of irreparable injury should the Court deny his motion. Thus, Plaintiff has failed to carry his burden as to the first two elements of a request for injunctive relief.

### CONCLUSION

For the reasons set forth above, it is **ORDERED** that Plaintiff's Motion for Injunction / TRO is **DENIED**.

**SO ORDERED.**

June 14, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE